# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY S. NEEMAN, | Case No. 2:16-cv-02674-APG-PAL |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| THE BANK OF NEW YORK MELLON, et al., | (ECF No. 10) |
| Defendants. | |

Plaintiff Jeffrey Neeman borrowed money to purchase a home in 2005. He stopped making his mortgage payments, and, when the defendants threatened to foreclose, Neeman filed this lawsuit. Neeman does not dispute that he has been living in his house for over seven years without paying his mortgage; instead, he claims that he can rescind his mortgage and acquire free and clear title because the defendants made procedural mistakes in how they handled his loan and default. The defendants move to dismiss, arguing that Neeman's various claims lack any factual or legal basis. ECF No. 10. I agree.

Neeman does not oppose the defendants' motion as to most of his claims, such as his Truth in Lending Act and fraud claims. Thus, Neeman is deemed to have consented to the defendants' motion on these points. Neeman's opposition mostly consists of challenges based on standing and the statute of limitations, arguing that the defendants have no right to foreclose on the house. Neeman concludes that he can quiet title in his name because the defendants are barred from foreclosing. But none of Neeman's challenges to the defendants' foreclosure rights has any merit. I therefore dismiss Neeman's claims.

## I. BACKGROUND

In 2005, Neeman purchased his home with a $535,600 loan from GreenPoint Mortgage Funding, Inc.[1] In 2009, the Deed of Trust securing that loan was assigned to The Bank of New York Mellon.[2] In 2009, Neeman defaulted on his mortgage.[3] In 2013, the defendants filed a judicial foreclosure action in Nevada state court, but they voluntarily dismissed that action without prejudice. After that, defendants have been in the process of preparing to conduct a non-judicial foreclosure.

Neeman filed this case in state court against the banks and servicers that were involved with his mortgage. He alleges various claims for quiet title, slander of title, declaratory relief, injunctive relief, violation of the Truth in Lending Act ("TILA"), violations of the Real Estate Settlement Procedures Act ("RESPA"), rescission, and fraud.[4] The case was removed to this court.

## II. ANALYSIS

### A. Motions to Dismiss

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[6] "Factual allegations must be enough to rise above the speculative

---

[1] ECF No. 1 at 13, ¶¶ 10-11. The following facts are taken from Neeman's complaint, and I assume they are true for purposes of ruling on the defendants' motion.

[2] *Id.* at 13-14, ¶¶ 15-17.

[3] *Id.* at 14, ¶ 17.

[4] *Id.* at 18-32.

[5] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

level."[7] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[8]

### B. Neeman fails to allege any plausible claims.

Preliminarily, Neeman does not oppose the defendants' motion as to several of his claims. Under our local rules, that means that he consents to dismissal of those claims.[9] Specifically, Neeman does not oppose the defendants' arguments related to his TILA claim, his RESPA claim, his fraud claim, or his rescission claim.[10]

I thus turn to the claim for which Neeman provides an opposition: his claim that the defendants have no right to foreclose. The thrust of his argument is that if the defendants have no right to the property because of procedural defects in the chain of title or how the defendants handled Neeman's default, then he can quiet title in his own name.

Neeman's claim for quiet title fails right out of the gate. The Supreme Court of Nevada has explained that unless plaintiffs allege "that they paid off the[ir] loan or . . . [were] not in default on that loan, they [have] no basis upon which to maintain an action for quiet title."[11] Given that Neeman alleges neither that he paid off his loan or that he cured his default, he has no standing to quiet title.

---

[7] *Twombly*, 550 U.S. at 555.

[8] *Iqbal*, 556 U.S. at 678 (internal citation omitted).

[9] LR 7-2(d).

[10] Even if Neeman had defended these claims, they are meritless. His TILA claim is time-barred. A claim for TILA damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Given the alleged violations occurred in 2005 or 2006, this deadline is long past. Neeman's RESPA claim fails because he has no private right of action to assert, *Todd v. Bank of Am., N.A.*, 2012 WL 5420280, at *3 (D. Nev. Nov. 6, 2012), and even if he did, it would be time-barred. 12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations). Neeman's fraud claim is similarly untimely, as a three-year statute of limitations applies. NRS 11.190(3)(d). And even if it were not time-barred, Neeman offers no facts suggesting that the defendants made a knowingly false statement of fact. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1017 (Nev. 2004).

[11] *Seiler v. JP Morgan Chase Bank, N.A.*, 2014 WL 504780, at *1 (Nev. Jan. 21, 2014).

But I still address Neeman's arguments about the defendants' rights to foreclose because of his request for declaratory relief. On this point, Neeman argues that the defendants (1) are judicially estopped, (2) are barred by a statute of limitations, (3) are barred by the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), and (4) have improperly securitized his loan.[12]

### 1. Neeman has not sufficiently alleged that the defendants are judicially estopped.

Neeman points out that the defendants filed a judicial foreclosure action in Nevada state court and then voluntarily dismissed it without prejudice. He concludes that by agreeing to dismiss their prior foreclosure action, the defendants have implicitly "relinquished" their rights to the property.

Setting aside that Neeman offers no authority and little analysis to support this argument, judicial estoppel clearly does not apply. Judicial estoppel requires that a party took a "clearly inconsistent" position in a prior proceeding, that the party persuaded that prior court of that position, and that the party seeking to later assert an inconsistent position would "derive unfair advantage" over the opposing party.[13] In voluntarily dismissing their foreclosure case without prejudice, the defendants took no position about the merits of their claim—much less a "clearly inconsistent" position that was adopted by the court and might cause some injustice.[14] I thus reject this argument.

////
////
////
////

---

[12] Neeman also maintains that his title has been slandered, but the only allegation he offers to support this claim is that the defendants have no right to the property—an argument that, as I explain below, has no merit.

[13] *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016).

[14] *See Amadeo v. Principal Mut. Life Ins. Co.,* 290 F.3d 1152, 1159 (9th Cir. 2002) (stating that a "voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually litigate any issue").

### 2. Neeman has not alleged that a statute of limitations bars the defendants' rights to the property.

Neeman offers no authority suggesting that any of the statutes he points to applies to a non-judicial foreclosure like the one that the defendants apparently plan to bring.[15] But even if any does apply, he has not alleged that the defendants are barred by it. The limitations period that appears most relevant is NRS § 11.190's six-year deadline for recovery of real property. But in installment contracts (such as promissory notes) the statute of limitations generally runs against each installment from the time it becomes due, unless the debt is accelerated.[16] There are no allegations in the complaint suggesting that Neeman's debt was accelerated. Given that the defendants' loan continued to run until at least 2013 when the state foreclosure action was filed, the defendants' attempts at a non-judicial foreclosure appear well within the deadline. This is true even if I find that the debt was accelerated in 2013 when the judicial foreclosure action was filed.[17] I thus reject Neeman's statute-of-limitations theory.

### 3. Neeman has not alleged that the FIRREA applies here.

Congress enacted the FIRREA in the wake of the savings and loan crisis of the 1980s. It primarily created new regulations for failing banks and set out new rules for home appraisals.

---

[15] The only statute that appears relevant is NRS § 11.190, which governs actions to recover property. But Neeman offers no authority suggesting that non-judicial foreclosures are subject to this statute. Otherwise, Neeman's statute of limitations arguments are nearly incomprehensible. He provides rules for accrual of the limitations period and when these periods are implied, but offers no analysis on these points. He then cites statutes and law for the proposition that guarantors may assert defenses and that certain protections may be waived, but again offers no explanation of his arguments under these authorities.

[16] *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991).

[17] Neeman also argues that he is entitled to know how much The Bank of New York Mellon paid to acquire his loan because there is a limit on how much a creditor can recover on a deficiency judgment. But the defendants have not sought a deficiency judgment, and even if they had, the statute Neeman relies on was not in effect during the relevant time period. *See Branch Banking & Trust Co. v. Eloy Bus. Park, LLC*, 112 F.Supp.3d 1129, 1139-40 (D. Nev. 2015) (noting that NRS § 40.459(3)(c) does not apply retroactively to assignments that occurred before June 10, 2011).

Neeman relies on FIRREA's statute of limitations for "conservators or liquidating agents."[18] Neeman contends that this provision applies a 6-year limitations period to any "contract claim" brought by these agents.

Neeman offers no authority suggesting that the defendants here fall under the FIRREA's definition of conservators or liquidating agents. Nor is there any indication in the statute that they would. FIRREA mainly regulates the liquidation of failed banks. It does not appear to have any applicability to the defendants foreclosing on Neeman's home.[19] Indeed, there are only a few narrow areas of the statute that even contemplate a private cause of action—none of which is applicable here.[20] I thus reject Neeman's arguments under this statute.

### 4. Neeman's other challenges to the securitization of his mortgage are meritless.

Courts have routinely rejected conclusory challenges to non-judicial foreclosure sales premised on the improper securitization of mortgage loans. Indeed, because he remains in default, Neeman has no standing to challenge the securitization process.[21]

Some courts have allowed borrowers to challenge a foreclosure even if they remain in default.[22] Neeman relies on one of these cases, *Yvanova v. New Century Mortgage Corp.*[23] But the Ninth Circuit has specifically held that *Yvanova* is of no help to borrowers who seek to challenge a foreclosure before it happens.[24]

---

[18] 12 U.S.C. § 1787(b)(14).

[19] *Bolden v. KB Home*, 618 F. Supp. 2d 1196, 1206 (C.D. Cal. 2008)

[20] *Id.* (discussing the two narrow provisions with express private causes of action, one relating to discrimination and one to enforcing low-income occupancy requirements).

[21] *Wong v. Countrywide Home Loans, Inc.,* 2016 WL 755472, at *2 (D. Nev. Feb. 23, 2016).

[22] *Yvanova v. New Century Mortgage Corp*, 365 P.3d 845 (Cal. 2016) (discussing relevant caselaw in this area).

[23] *Id.*

[24] *Nguyen v. J.P. Morgan Chase Bank, N.A*, 669 F. App'x 347 (9th Cir. 2016).

Neeman has thus not properly alleged any defects in securitization from which he could be entitled to relief. Because Neeman's complaint does not otherwise state any plausible claims, I dismiss it.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 10) is GRANTED**.

DATED this 10th day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE